IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

MONTE DECARLOS WINSTON,

    Petitioner,

v.                               Civil Action No. 3:12CV172

UNITED STATES ATTORNEY GENERAL,

    Respondent.

**MEMORANDUM OPINION**

Monte DeCarlos Winston, a federal inmate proceeding pro se, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241[1] ("Present § 2241 Petition"). The matter was referred to the Magistrate Judge for preliminary review.

---

[1] That statute provides, in pertinent part:

(c) The writ of habeas corpus shall not extend to a prisoner unless—
    (1)    He is in custody under or by color of the authority of the United States or is committed for trial before some court thereof; or
    (2)    He is in custody for an act done or omitted in pursuance of an Act of Congress, or an order, process, judgment or decree of a court or judge of the United States; or
    (3)    He is in custody in violation of the Constitution or laws or treaties of the United States . . . .

28 U.S.C. § 2241(c)(1)-(3).

## I. BACKGROUND

The Magistrate Judge made the following findings and recommendations:

**Preliminary Review**

### A. Winston's First § 2241 Petition

On August 26, 2008, the Court received a 28 U.S.C. § 2241 Petition from Winston ("First § 2241 Petition"). In the First § 2241 Petition, Winston asserted the Bureau of Prisons ("BOP") failed to credit time against his federal sentence for time spent in custody prior to the imposition of his federal sentence. Winston argued "[a]s he has in previous filings" that "he did not receive credit against his federal sentence for time spent in state custody while on loan to the Eastern District of Virginia federal court on a writ of habeas ad prosequendum" from February 17, 2000 until May 20, 2003. Winston v. Stansberry, No. 3:08cv553, 2009 WL 2230844, at *2-3 (E.D. Va. July 21, 2009). Winston asserted that "'time credit should actually go back to January 6, 1999.'" Winston v. Stansberry, 3:10CV631, 2011 WL 2693383, at *1 (E.D. Va. July 11, 2011) (quoting Memorandum in Support of First § 2241 Petition at 1, Winston v. Stansberry, No. 3:08cv553 (E.D. Va. filed Aug. 26, 2008)). Winston requested that the Court "'clear up, correct, and credit my sentence with all prior time credit that I'm entitled to.'" Id. (quoting First § 2241 Petition at 5, Winston v. Stansberry, No. 3:08cv553 (E.D. Va. filed Aug. 26, 2008)). Accordingly, the Court conducted a thorough review of the manner in which the BOP calculated Winston's sentence and made the following pertinent findings:

#### 1. Credit Toward Winston's Concurrent Federal Sentence

BOP awarded Winston credit toward his federal sentence pursuant to 18 U.S.C. § 3584, which controls calculation of concurrent federal sentences if "imposed on a defendant who is already subject to an

2

undischarged term of imprisonment . . . ." 18 U.S.C. § 3584(a); see United States v. Smith, 472 F.3d 222, 225 (4th Cir. 2006). In calculating time served for concurrent sentences, BOP considers a federal sentence to commence when it is imposed. See United States v. Labeille-Soto, 163 F.3d 93, 98-99 (2d Cir. 1998) (holding that a federal sentence cannot commence before it is imposed). In Winston's case, the district court judge ordered 77 months of his federal sentence to run concurrent to his state sentence. Accordingly, BOP granted credit toward Winston's federal sentence for time in state custody after his May 19, 2003 federal sentencing date and prior to his June 18, 2007 reception into [United States Marshal Service] custody . . . .

### 2. Credit Toward Winston's Federal Sentence for So Called "Willis" Time Served

Winston also earned credit toward his federal sentence under the second factor, so-called "Willis" time, which arises from the holding in Willis v. United States, 438 F.2d [923, 925 (5th Cir. 1971)]. While 18 U.S.C. § 3585(b)(2) bars crediting a federal term with time already counted toward another sentence, Willis provides an exception. Under Willis, BOP grants prior custody credit, even if it results in a double-credit toward a state sentence, when two conditions are met: (1) a prisoner's state and federal sentences run concurrently; and, (2) the federal sentence full term release date is equal to or greater than the state sentence full term release date. Id. If, as in this case, these two circumstances are met, then credit is given toward the federal sentence for time spent in state pre-sentence custody that begins on or after the date of the federal offense, and runs to the imposition of the first state sentence. Id.

Winston's federal offense occurred January 6, 1999, and he was taken into

3

> custody on January 7, 1999. His first sentencing date occurred on March 22, 1999. Pursuant to Willis, BOP accurately credited Winston's federal term for 74 days of pre-sentence credit for time served from January 7 to March 21, 1999. . . . Time in state custody on or after the March 22, 1999 imposition of his state sentence is ineligible for credit toward his federal sentence under the Willis exception.
>
> Accordingly, Winston's claim to entitlement for time served in state custody toward his federal sentence lacks merit. The Court finds no error in the manner that Respondent has calculated Winston's sentence.

Winston, 2011 WL 2693383, at *1-2 (quoting Winston, 2009 WL 2230844, at *3-4) (first omission in original) (all alterations in original).

### B.  Winston's Second § 2241 Petition

In September of 2010, the Court received another 28 U.S.C. § 2241 Petition ("Second § 2241 Petition") from Winston again alleging that the BOP incorrectly calculated his sentence. Winston once again claimed the BOP failed to award him proper credit against his federal sentence for time spent in custody prior to commencement of his federal sentence. See Winston, 2011 WL 269383, at *1. By Memorandum Opinion and Order entered July 11, 2011, the Court denied the Second § 2241 Petition on the ground that Winston's petition constituted an abuse of the writ. Id. at *3. The Court explained:

> Long before the enactment of the Antiterrorism and Effective Death Penalty Act, the Supreme Court developed the doctrine of abuse of the writ, which limited the review of second or successive habeas applications. See McCleskey v. Zant, 499 U.S. 467, 479-88 (1991) (describing the evolution of the doctrine). Under the abuse of the writ doctrine, a federal habeas court "could decline to hear a claim that was both raised and adjudicated in an earlier petition." Stanko v. Davis, 617 F.3d 1262, 1270 (10th Cir. 2010) (citing Sanders v.

4

United States, 373 U.S. 1, 11-12 (1963)). In the abuse of the writ context, a habeas petitioner's claims "may be considered the same even when supported by different legal arguments." Id. (citing Sanders, 373 U.S. at 16). Nevertheless, "[e]ven if the same ground was rejected on the merits on a prior application, it is open to the applicant to show that the ends of justice would be served by permitting the redetermination of the ground." Sanders, 373 U.S. at 16.[2]

Winston's [Second] § 2241 Petition constitutes an abuse of the writ in that the Court has rejected his claim that he is entitled to additional credit against his federal sentence for time spent in custody prior to the imposition of his federal sentence, including Willis credit. Stanko, 617 F.3d at 1270 (citing Sanders, 373 U.S. at 16). Winston's prior broad assertions that his sentence was not properly executed,

---

[2] Additionally, the Supreme Court barred new claims under the abuse of the writ doctrine when those new claims could have been raised in an earlier application but were not. McCleskey, 499 U.S. at 489. The principles of the abuse of the writ doctrine are generally codified in 28 U.S.C. § 2244(a), which provides:

> No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in section 2255.

28 U.S.C. § 2244(a).

5

> in his First § 2241 Petition, embraced his current claim. <u>Sanders</u>, 373 U.S. at 16 ("In other words, identical grounds may often be proved by different factual allegations. So also, identical grounds may often be supported by different legal arguments, or be couched in different language, or vary in immaterial respects." (internal citations omitted)). Winston fails to demonstrate that the ends of justice warrant consideration of his [Second] § 2241 Petition.

<u>Id.</u> at *2-3 (first alteration in original.)

### C. Winston's Present § 2241 Petition

In the Present § 2241 Petition, Winston once again challenges the BOPs execution of his sentence with respect to time allegedly spent in federal custody prior to May 19, 2003. Winston argues:

> I am being improperly detained because the Attorney General is abusing it's [sic] discretion by not commencing my sentence pursuant to 18 [U.S.C.] § 3585(a), when their policy authorizes it. I was received at a Federal penitentiary on 7-17-00 pursuant to a Court ordered Provisional Sentence. (You must be sentenced in order to be designated to a Federal facility.) However, the Attorney General is commencing my final sentence on 5-19-03 without factoring in the time I spent serving my Provisional Sentence. The AG's position is that an ad prosequendum writ gives them the power to "borrow" me from the State without any regard to jurisdictional or custodial concerns, and without any regard to any statutory laws that may benefit me, the petitioner. However, the ad prosequendum writ in this case was never executed while I was in Federal custody, therefore, custody and jurisdiction was never transferred, making the writ void. In closing, either the State relinquished jurisdiction and I am entitled to the relief I am seeking, or the Fed. Gov. didn't have jurisdiction to enter

6

> a Judgment against me. Judgment without jurisdiction is void Judgment.
>
> (Present § 2241 Pet. 8.)[3] Winston demands the following relief: "I want the Court to assure the Attorney General that it had jurisdiction to enter a Judgment, and order the AG to calculate the Judgment pursuant to Federal Statute and Federal Jurisdiction." (*Id.*)
>
> Winston's Present § 2241 Petition challenges the BOP's execution of his sentence. Winston appears to raise the same challenges for sentence credit that the Court previously rejected. See Winston, 2011 WL 2693383, at *2-3. While Winston now recasts his arguments as matters of "jurisdiction," to the extent Winston raises new claims, he fails to address why these claims could not have been raised in an earlier petition. See id. at n.2 (citing McCleskey, 499 U.S. at 489). Moreover, Winston fails to demonstrate that the ends of justice warrant revisiting his challenge to the execution of his sentence. Accordingly, it is RECOMMENDED that the action be DISMISSED for abuse of the writ.

(May 1, 2013 Report and Recommendation (alterations and omissions in original).) The Court advised Winston that he could file objections within fourteen (14) days after the entry of the Report and Recommendation. On May 8, 2013, Winston filed objections. (ECF No. 14.) As explained below, the Magistrate Judge's analysis applies with equal force to the Amended Complaint.

---

[3] Because Winton's petition lacks page numbers, the Court employs the numbers assigned to the document by the Clerk's CM/ECF docketing system. Moreover, while Winston divides his argument into three claims, all are encompassed by the text cited here.

7

## II. STANDARD OF REVIEW

"The magistrate makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this court." Estrada v. Witkowski, 816 F. Supp. 408, 410 (D.S.C. 1993) (citing Mathews v. Weber, 423 U.S. 261, 270-71 (1976)). This Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). "The filing of objections to a magistrate's report enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." Thomas v. Arn, 474 U.S. 140, 147 (1985). "[W]hen a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations," de novo review is unnecessary. Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982) (citations omitted).

## III. WINSTON'S OBJECTIONS

Winston objects generally to the Magistrate Judge's conclusions while expressing his belief that the Court should have ordered Respondent to file a response. Winston points to no specific error in the Report and Recommendation. Thus, the Court need not conduct a de novo review of the record.

Nevertheless, the Court has conducted a <u>de novo</u> review of the record and finds that Winston's § 2241 should be dismissed. Accordingly, for the reasons stated by the Magistrate Judge, Winston's action will be dismissed as an abuse of the writ.

## IV. CONCLUSION

Winston's objections will be OVERRULED. The Report and Recommendation will be ACCEPTED and ADOPTED. Winston's 28 U.S.C. § 2241 petition will be denied. The action will be dismissed.

Winston has abused the writ by filing at least three § 2241 Petition's challenging the BOP's calculation of his sentence. From this point forward, before the Court will review any new action challenging the calculation or execution of his sentence, Winston must do the following:

- a. Provide a brief summary, not to exceed seven (7) double spaced pages, explaining why the ends of justice warrant consideration of his submission and attach the summary to the front of any filing; and,

- b. Certify that the claims he wishes to present are new claims never before raised and disposed of on the merits by any federal court and set forth why each claim could not have been raised in one of his previous actions.

Winston's failure to comply with the above directives will result in summary dismissal of the new action.

An appeal may not be taken from the final order in a § 2241 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(A). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 & n.4 (1983)). Winston fails to satisfy this standard. A certificate of appealability will be DENIED.

The Clerk is directed to send a copy of the Memorandum Opinion to Winston.

/s/ REP

Robert E. Payne
Senior United States District Judge

Date: July 31, 2013
Richmond, Virginia

10